# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br>MATTHEW B. SALVATORE,<br>    Debtor | No. 3:18-cv-1429 (SRU) |
| | On appeal from |
| MICHELE SALVATORE<br>    Plaintiff, | United States Bankruptcy Court,<br>District of Connecticut<br>at Bridgeport |
| v. | |
| MATTHEW B. SALVATORE,<br>    Defendant. | Bankruptcy No. 15-50724<br>Advs. Proc. No. 17-05024 |

## RULING ON MOTION FOR LEAVE TO APPEAL
## FROM BANKRUPTCY COURT DECISION

Matthew Salvatore, a party to an adversarial proceeding in the bankruptcy court for this district, seeks leave to appeal that court's denial of his motion for summary judgment. For the reasons set forth below, his motion for leave to appeal is **denied**.

## I.  Background

Mr. Salvatore is engaged in an adversarial proceeding in the Bankruptcy Court regarding the dischargeability of potential civil claims made against him by his ex-wife, Michele Salvatore. Mr. Salvatore alleges that Mrs. Salvatore received notice of his Chapter 7 Bankruptcy Proceedings, as she was a "potential claimant" due to his child support and alimony obligations. Mot. for Leave to Appeal, Doc. No. 2 at 1. On Mrs. Salvatore's motion, the bankruptcy court (Manning, C.J.) re-opened the bankruptcy proceeding and relieved her from the automatic stay. *Id*. Mr. Salvatore filed a Motion to Dismiss the Adversary Proceeding, which was granted in part and denied in part. *Id*. at 2. Mr. Salvatore moved for summary judgment on August 7, 2018, arguing that the adversary proceeding was not timely filed. *Id*. The court denied the

motion because there was a "genuine issue of material fact … as to whether notice of the filing of [Mr. Salvatore]'s bankruptcy case was given to [Mrs. Salvatore]." Adv. Proc. 17-05024, Doc. No. 31. Mr. Salvatore filed his Notice of Appeal on August 20, 2018. *Id*. at Doc. No. 35. The following day, he filed the instant Motion for Leave to Appeal (Doc. No. 2) in which he alleges that he was entitled to summary judgment because Mrs. Salvatore did not rebut the presumption that notice was provided to her and, therefore, her filing of the adversary proceeding complaint was untimely. Mot. for Leave to Appeal, Doc. No. 2.

## II. Discussion

The district courts have jurisdiction to hear appeals from "final judgments, orders and decrees" as well as appeals "from other interlocutory orders and decrees" of the bankruptcy court. 28 U.S.C. § 158(a), (c). Generally, "the denial of a motion for summary judgment is not immediately appealable because such a decision is not a final judgment" and is thus treated as an interlocutory order. *O'Bert v. Vargo*, 331 F.3d 29, 38 (2d Cir. 2003); *see also Traversa v. Education Credit Management Corp.*, 386 B.R. 386, 388 (D. Conn. 2008). "In determining whether to grant leave to appeal an interlocutory order from the bankruptcy court, the Court will apply the standard set forth in 28 U.S.C. § 1292(b), which is the standard used by the court of appeals to determine whether to entertain interlocutory appeals from district courts." *Traversa*, 386 B.R. at 388; *see also Weiner's Inc. v. T.G. & Y. Stores Co.*, 191 B.R. 30, 31 (S.D.N.Y. 1996); *In re Orlan*, 138 B.R. 374, 377 (E.D.N.Y. 1992). "Section 1292(b) permits appeal of interlocutory orders where the order in question 'involves a controlling question of law as to which there is substantial ground for difference of opinion and … an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Traversa*, 386 B.R. at 389 (quoting 28 U.S.C. § 1292(b)). "A district court is authorized to certify an interlocutory

2

order for appeal when it is of the opinion that such order involves:" (1) "a controlling question of law"; (2) "as to which there is a substantial ground for difference of opinion"; and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Buckskin Realty Inc. v. Greenberg*, 552 B.R. 40, 44 (E.D.N.Y. 2016) (internal quotation marks omitted). District Courts have "unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of [section] 1292(b) are met." *Id*.

The first prong of the test is satisfied "if reversal of the [bankruptcy] court's order would terminate the action …. The question of law must be a pure question that does not require resort to the case docket for study." *Id*. (internal citations and quotation marks omitted). The second prong of the test is satisfied "if there is a genuine doubt as to whether the bankruptcy court applied the correct legal standard …. [M]erely claiming that the bankruptcy court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." *Id*. (internal quotation marks omitted). Lastly, the third prong of the test "is satisfied when the appeal promises to advance the time for trial or to shorten the time required for trial." *Id*. (internal quotation marks omitted).

The bankruptcy court denied Mr. Salvatore's motion for summary judgment on the basis that there was a "genuine issue of material fact … as to whether notice of the filing of [Mr. Salvatore]'s bankruptcy case was given to [Mrs. Salvatore]." Adv. Proc. 17-05024, Doc. No. 31. Mr. Salvatore alleges that the bankruptcy court denied his summary judgment motion "despite the fact that [he] provided evidence that notice was sent which creates a strong presumption under the law that it was received." Mot. for Leave to Appeal, Doc. No. 2 at 3 (citing *In re: Jeffrey Greenberg*, 526 B.R. 101 (E.D.N.Y. 2015); *In re: AMR Corporation*, 2016 WL 1068955

(S.D.N.Y. 2016)). Mr. Salvatore contends that it was error for the bankruptcy court to credit Mrs. Salvatore's claims that she did not receive notice of the bankruptcy proceeding because she "did not provide proof that notice was not sent." *Id*. at 3.

Although Mr. Salvatore styles his argument as one based in law, he is really "quarrel[ling] with the state of the factual record below, and not with any question of law" in contesting the propriety of the denial of summary judgment. *Traversa*, 386 B.R. at 389. The question whether a presumption of notice was adequately rebutted is a question of fact and does not present a controlling question of law for this court on review. Mr. Salvatore's "putative appeal is an invitation for interlocutory review of whether the facts before the bankruptcy court were sufficient to grant summary judgment in his favor." *Id*. Without a controlling question of law giving rise to a substantial ground for difference of opinion, "an appeal of the bankruptcy court's denial of summary judgment is inappropriate under [section] 1292(b)", *id.*, and will, therefore, be denied.

## III. Conclusion

For the reasons set forth above, Mr. Salvatore's Motion for Leave to Appeal (Doc. No. 2) is **denied**. The clerk is directed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 20th day of March 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

4